# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

---

**WESTERN DISTRICT.**

## ALEXANDRIA, OCTOBER TERM, 1841.

---

### GAS LIGHT & BANKING CO., *vs.* NUTTALL.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, FOR THE PARISH OF

CATAHOULA, THE JUDGE OF THE SIXTH PRESIDING.

Two witnesses are required, not only to the protest, but to the record of the certificate of the notary, under the act of 1821; and this act is not superseded by that of 1827; both of which require the *certificate* of protest to be attested by two witnesses, to be *evidence* of notice.

GAS LIGHT AND
BANKING CO.,
*vs.*
NUTTALL.

This is an action against the endorser of two promissory notes, amounting to $2,325, discounted in Bank. The defendant pleaded a general denial. There was judgment for the plaintiffs, and the defendant appealed.

On the trial, the plaintiff offered in evidence the protests of the notes sued on to prove demand, to the intoduction of which, defendant's counsel objected, on the ground that the two subscribing witnesses in whose presence the protests have been made, did not sign the protests, and that these acts are

WESTERN DIS.
October, 1841.

GAS LIGHT AND
BANKING CO.,
*vs.*
NUTTALL.

not such as are required by law to make proof of themselves, of the facts contained in them. The objection was overruled and the defendant's counsel excepted.

The plaintiffs then offered the testimony of witnesses to prove the death, acts as notary and other conduct of the notary who made the protest; which was objected to on the grounds that it was not authorized by the allegations in the petition: Also, the plaintiffs offered in evidence the certificates appended to the protests, signed by the notary, to prove notice to the endorsers; to the introduction of which, defendant objected, on the grounds, that they were not in accordance with the statute: that it did not appear the notary kept any book in which these entries were made; that they are not signed by two witnesses, and do not appear to be in the hand-writing of the notary or signed by him: but the court overruled the objections and received the certificates.

The defendant took his bill of exceptions.

The protest was signed in the presence of two witnesses, but the certificate of the notice to the endorser was signed by the notary alone.

*Mayo & Purvis*, for the plaintiffs and appellees, urged the affirmance of the judgment.

*Garrett*, for the defendant, insisted that the certificate of the notary was wholly insufficient as evidence of notice to the endorser. The act of 1821 is express that the certificate must be recorded and attested by two witnesses.

*Bullard, J.* delivered the opinion of the court.

This is an action against the endorser of two promissory notes. The only question which the case presents, relates to the sufficiency of the evidence of notice of protest.

The plaintiffs gave in evidence a protest made by a notary public which appears to be regular; it is attested by two witnesses, and bears the notary's seal. On the same sheet is a certificate of the notary under his seal, bearing the same date

with the protest, but not attested by any witness, and not purporting ever to have been recorded, in which the notary states the manner in which the endorsers were notified of the demand made upon the drawer and his failure to pay. The written notice which he certifies was forwarded by the first mail, addressed to the defendant at his domicil in Sicily Island, was sufficient if the certificate of the notary without witnesses furnish sufficient legal proof of the fact.

Under the act of 1821, concerning protest of Bills of Exchange and Promissory Notes, and notices, &c., such certificate would be clearly insufficient. That act required the notaries to keep a separate book in which they shall transcribe and record by order of dates, all the protests made by them, *with mention* of the notices which they have given of the same to the drawers or endorsers, together *with the names* of the said drawers and endorsers, the date of said notices, and the manner in which they were served or forwarded to the said drawers or endorsers, which declaration duly recorded under the signature of the said notary public or parish judge, and two witnesses, shall be considered and received as legal proof of said notices.

Under this statute it was held at an early period, that not only two witnesses were required to the protest itself, but to the record of the certificate.—5 Martin N. S. 511.

The act of 1827, amendatory of the one above mentioned, under which it is contended this certificate is valid and sufficient, enacts that notaries are authorized in their protests to make mention of the demand made upon the drawers, acceptor, or person on whom such order or bill of exchange is drawn or given, and of the manner and circumstances of such demand, "and by certificate *added to such protest* to state the manner in which any notices of protest to drawers and endorsers, &c., were served or forwarded; and whenever they shall have so done, *a certified copy of such protest and certificate shall be evidence of all the matters therein stated.*" Acts of 1827, page 76.

WESTERN DIS.
October, 1841.

GAS LIGHT AND
BANKING CO.,
vs.
NUTTALL.

Two witnesses are required, not only to the protest, but to the record of the certificate of the notary, under the act of 1821; and this act is not superseded by that of 1827; both of which require the *certificate* of protest to be attested by two witnesses, to be *evidence* of notice.

WESTERN DIS.    This is the first occasion within our knowledge upon which
*October*,1841.   a simple certificate of the notary without the attestation of
GAS LIGHT AND  witnesses and never recorded, has been presented as evidence
BANKING CO.,
*vs.*         of notice to endorsers under the statute.   Its sufficiency de-
NUTTALL.      pends upon the question, whether the act of 1827 repeals that
of 1821, in this respect.   In the case of Whittemore vs. Leak
and Howell; 14 La. Rep. 394; the question was raised by
the counsel, but we held that in as much as the copy of the
certificate of notice in that case exhibited the names of two
attesting witnesses, we would presume they had signed the
original, and that consequently it was not necessary to decide
how far the statute of 1821 had been repealed or modified by
that of 1827.

There is clearly no express repeal.   The 4th section de-
clares that all acts and parts of acts *contrary to the* purport of
this act be, and the same are hereby repealed.   This repealing
clause does no more than announce the well known principle
of law, that when the provisions of two statutes are contrary
to, or irreconcilable with each other, the prior is abrogated by
the posterior one.   May not these two statutes well stand to-
gether? and are we not bound to regard the provisions of the
latter as cumulative?   If we were to say that the attestation
of two witnesses may be dispensed with as to the certificate
of notices, the same reason applies to dispense with them in
the body of the protest as to demand of the acceptor or maker.
The act of 1827 makes no mention of witnesses in either case.
But it speaks of a protest, and a protest according to the ex-
isting law necessarily applies the presence of witnesses as
indispensable.   A certificate *added to a protest* is not neces-
sarily a separate act, it may be and by the practice of some
notaries, frequently is a continuation of the same act of protest
so that the same witnesses may attest both.   It is true that no
law requires the notices to be given simultaneously with the
protest, and the certificate of notices is necessarily subsequent
in point of time, but there are obvious reasons for requiring
the attestation of witnesses to the certificate, even if the re-

WESTERN DIS.
October, 1841.

GAS LIGHT AND
BANKING CO.,
vs.
NUTTALL.

cording be dispensed with, as a check upon the notary and to prevent him from adding a certificate afterwards and antedating it. It appears to us that the two statutes must be taken and construed as laws in *pari materiâ;* and we cannot suppose that the legislature intended to give to the simple naked certificate of a notary the effect of full proof, and to dispense not only with the recording by order of dates of the protests of notaries, but at the same time with the attestation of witnesses to the certificate. Such a practice would leave parties at the mercy of a notary, who cannot be permitted as a witness to contradict his own act. We are confirmed in this view of the case, by what we believe to be the general practice under that statute since its enactment, and in matters of commercial usage; it is dangerous to innovate too lightly until the legislature shall declare that such certificates *shall suffice,* we cannot sanction a deviation from what we consider a legal form.

The original protest and certificate were given in evidence and accompany the transcript. It is shown, that the certificate is not in the handwriting of the notary, though signed by him; and that after his death, the parish judge, in making an inventory of his estate, found no book of record of protests or certificates of notices; and that he was careless in his mode of doing business as a notary. It appears, that he kept no memorandum of such transactions, except very short and vague ones, for the purpose of getting paid for his protests. None of the cases cited by the counsel for the appellee, appear to us to sustain him. In the case of Bullard vs. Wilson, 5 Martin, N. S., 196, the notary was sworn as a witness. The memorandum made by him was *per se* a mere nullity, and was used only to refresh the memory of the witnesses. Notice must be shown either by testimony under oath, or by an official certificate in strict compliance with legal forms.

It is therefore adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that ours be for the defendant as in the case of a non-suit, with costs in both courts.