ALEXANDER L. DEBLIEUX and another v. CHARLES A. BULLARD
and another.

Notice of protest may be given on a Sunday, or day of public rest, or holyday; but
the endorser is not bound to open the letter containing the notice, or to act on it,
until the next day.

Under the act of 14th February, 1821, the certificate of a notary will not be sufficient
proof of notice of protest, unless attested by two witnesses.

ACTION by A. L. Deblieux, and James Bludworth, testamentary
executor of Charles Pavie, deceased, against Charles A. Bullard
and William Long, before the District Court for the parish of
Natchitoches, Campbell, J.

MARTIN, J.   The defendants are appellants from a judgment
against them as maker and endorser of two promissory notes.
They pleaded the general issue only.   The maker has made no
defence in this court.   His plea admits his signature to the note,
and a close examination of the record has not enabled us to dis-
cover any ground on which the judgment against him may be dis-
turbed.   His co-defendant, Long, who is the endorser, has urged
that notice of protest of one of the notes was given to him prema-
turely.   It became due on the 1-4th July, 1838; was correctly
protested on the 3d, but notice was given to him on the 4th of July,
which by law is a day of rest.   The act of March 7th, 1838, sec.
5, directs that when the last day of grace is a public day of rest,
the protest is to be made on the preceding day; but that act is
silent with regard to the giving of notice.

It is the frequent complaint of endorsers that notices of protest
are given too late.   This is the first time in our jurisprudence that
a complaint is made of notice being given too early.   The earliest

notice of protest affords the greatest facility to the endorser to guard and protect his interests.

The English books say that notice may be given on a Sunday, public days of rest, thanksgiving, &c., but that the endorser is not bound to open the letter containing the notice, or to act on it, until the next day. Bayley on Bills, (edition, 1836,) pages 265, 266, and notes. This principle of the english law is founded in that sound reason which is the same in all countries. *Nec erit alia Romæ, alia Athenis*—on the banks of the Mississippi and on the banks of the Thames.

As the endorser has pleaded the general issue, a plea which puts the plaintiff on proof of notice of the protest, we are bound to examine whether there is legal proof in the record of the notice of protest of the second note. Of this there is no evidence except the certificate of the notary, which is liable to this objection, to wit: that it *wants the attestation of two witnesses.* See act of February 14th, 1821, sec. 1.

This question has just received the examination of this court, and its solution, in the case of the *Gas Light Bank* v. *Nuttall*, just decided, 19 La., 447; and the conclusion at which we have arrived is, that the objection is fatal. There is no other evidence of *notice* than the notary's certificate, and that is insufficient to enable the plaintiffs to recover on the second note in this suit, as against the endorser.

It is therefore ordered that the judgment of the district court be affirmed so far as it relates to the maker of the note, with costs and five per cent damages ; and that it be reversed as to the endorser, William Long ; and proceeding to give such judgment as, in our opinion, ought to have been rendered in the court below, it is ordered that the plaintiffs do recover of the defendant, William Long, the sum of eighteen hundred and one dollars, with ten per cent interest thereon from the 4th July, 1838, until paid, being the amount of the first note sued on ; and it is further ordered that there be judgment as in case of non-suit, for the said defendant, Long, as to the second note of eighteen hundred and one dollars; the costs of the appeal to be paid by the plaintiffs and appellees.

*Morse* and *Roysden*, for the plaintiffs.

*Bullard, propria persona,* and *Tuomey,* for the appellants.